1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11

CROWN PAPER LIQUIDATING TRUST,          No. C-07-2308 MMC

12
                    Plaintiff,           **ORDER DIRECTING DEFENDANTS TO**
13                                        **SHOW CAUSE WHY ACTION SHOULD**
        v.                                **NOT BE REMANDED FOR LACK OF**
14                                        **SUBJECT MATTER JURISDICTION**
AMERICAN INTERNATIONAL GROUP,
INC., et al.,
15
                    Defendants
16 _____/
17
18      Before the Court is the Notice of Removal, filed April 27, 2007 by defendants

19 American International Group, Inc., National Union Fire Insurance Company of Pittsburgh,

20 Pa., and AIG Domestic Claims, Inc., by which said defendants have removed from state

21 court plaintiff Crown Paper Liquidating Trust's complaint.[1]

22      Defendants allege the district court has diversity jurisdiction over plaintiff's claims,

23 each of which arises under state law.  In that respect, defendants have alleged sufficient

24 facts to establish that the amount in controversy exceeds $75,000.  With respect to

25 diversity of citizenship, however, defendants have failed to make a sufficient showing.

26 Defendants acknowledge that plaintiff and defendant Richard E. Cowan ("Cowan") are both

27 _____

28      [1]The removing defendants represent that the other named defendants, specifically,
Marsh USA Risk & Insurance Services, Inc., Marsh & McLennan Companies, Inc., Marsh
Ltd., Finpro, and Richard E. Cowan, have not yet been served.

United States District Court
For the Northern District of California

1    citizens of California.  Defendants assert, without further elaboration, that Cowan's

2    citizenship should be disregarded on the ground "there is no possibility that plaintiff will be

3    able to establish liability against him because [ ] Cowan had no duty to the plaintiff and

4    acted only in his official capacity."  (See Notice of Removal ¶ 5.)  Defendants' assertion is

5    insufficient to demonstrate it is "obvious according to the settled rules of the state" that

6    plaintiff cannot state a negligent misrepresentation claim against Cowan.[2]  See McCabe v.

7    General Foods Corp., 811 F. 2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a

8    cause of action against a resident defendant, and the failure is obvious according to the

9    settled rules of the state, the joinder of the resident defendant is fraudulent.").

10          Accordingly, defendants are hereby ORDERED TO SHOW CAUSE, in writing no

11   later than May 24, 2007, why the instant action should not be remanded for lack of subject

12   matter jurisdiction.  Plaintiff may, no later than May 31, 2007, file a reply to defendants'

13   response.  As of May 31, 2007, the Court will take the matter under submission.

14          **IT IS SO ORDERED.**

15

16   Dated: May 14, 2007

17                                                                       MAXINE M. CHESNEY
                                                                         United States District Judge

18

19

20

21

22

23

24

25

26   _____

27          [2]Although the complaint contains eleven causes of action, only one cause of action
     is alleged against Cowan, specifically, a claim for negligent misrepresentation, which, under
28   California law, is a form of fraud.  See, e.g., CACI § 1903 and Use Note thereto (Spring Ed.
     2007) (citing Cal. Civ. Code § 1710; collecting cases).