IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWN PAPER LIQUIDATING TRUST,<br><br>      Plaintiff,<br>  v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>      Defendants | No. C-07-2308 MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY CLAIMS AGAINST DEFENDANT RICHARD E. COWAN SHOULD NOT BE DISMISSED AS MISJOINED; CONTINUING HEARING ON REMOVING DEFENDANTS' MOTION TO DISMISS** |

       On April 27, 2007, defendants American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, Pa., and AIG Domestic Claims, Inc. removed the above-titled action, asserting the district court has diversity jurisdiction over the action. With respect to defendant Richard E. Cowan ("Cowan"), removing defendants concede that he is a citizen of the same state as plaintiff, but assert Cowan has been fraudulently joined as a party hereto.

       By order filed May 14, 2007, the Court directed removing defendants to show cause, no later than May 24, 2007, why the action should not be remanded, specifically, to "demonstrate it is 'obvious according to the settled rules of the state' that plaintiff cannot state a negligent misrepresentation claim against Cowan." (See Order, filed May 14, 2007, at 2:5-6 (quoting McCabe v. General Foods Corp., 811 F. 2d 1336, 1339 (9th Cir. 1987). In said order, the Court also afforded plaintiff the opportunity to file, no later than May 31,

2007, a reply to defendant's response.

On May 24, 2007, removing defendants filed a timely response to the Court's order to show cause, setting forth the basis for their assertion that Cowan is not properly joined as a party herein, as well as asserting for the first time that the Court has jurisdiction over the complaint pursuant to 28 U.S.C. § 1334(b). To date, plaintiff has not filed a reply.

Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE, in writing and no later than June 22, 2007, why its claims against Cowan should not be dismissed on the ground said defendant is not properly joined as a party; further, plaintiff shall set forth its response to removing defendants' reliance on § 1334(b).

Finally, because the issue of whether the Court has jurisdiction over the complaint must be determined before the Court can consider the merits of plaintiff's complaint, the Court hereby CONTINUES from June 22, 2007 to July 6, 2007, at 9:00 a.m., the hearing on removing defendants' motion to dismiss the complaint.

**IT IS SO ORDERED.**

Dated: June 8, 2007

MAXINE M. CHESNEY
United States District Judge