IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWN PAPER LIQUIDATING TRUST, | No. C-07-2308 MMC |
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE** |
| v. | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | |
| Defendants | |

On April 27, 2007, defendants American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, Pa., and AIG Domestic Claims, Inc. removed the above-titled action on the basis of diversity jurisdiction. The removing defendants asserted that plaintiff Crown Paper Liquidating Trust ("Crown") is a citizen of California and that each defendant, with the exception of Richard E. Cowan ("Cowan"), is a citizen of a state or states other than California. With respect to Cowan, a California citizen, removing defendants asserted he had been fraudulently joined by Crown as a party herein.

By order filed May 14, 2007, the Court directed the removing defendants to show cause why the action should not be remanded and, specifically, to demonstrate the basis for their assertion that Cowan was a fraudulently-joined party. Thereafter, on May 24, 2007, removing defendants filed a response, in which they set forth in detail the basis for their assertion that Cowan was a fraudulently-joined party. On June 22, 2007, Crown filed

a reply to the removing defendants' response, in which Crown disclosed it is not a citizen of California; rather, it is a citizen of Florida. Consequently, Crown and Cowan are not citizens of the same state.

The notice of removal includes sufficient facts to establish that each of the three removing defendants is not a citizen of Florida, (see Notice of Removal ¶ 2, 5), and the complaint includes sufficient facts to establish that the remaining defendants, specifically, Marsh & McLellan Companies, Inc., Marsh USA Risk and Insurance Services Inc., and Marsh Ltd., are not citizens of Florida. (See Compl. ¶¶ 16-18.)[1] According, the Court finds it has subject matter jurisdiction over the instant action based on diversity of citizenship.[2]

Crown argues that the removal nonetheless was improper, because, under 28 U.S.C. § 1441(b), a citizen of the forum state may not remove an action, and that Cowan is a non-fraudulently-joined citizen of California. The Court finds it unnecessary to consider the issue of whether Cowan is a fraudulently-joined party, because Crown's reliance on § 1441(b) is, for two reasons, unavailing. First, a motion to remand based on a defendant's having removed a case in violation of § 1441(b) must be made within 30 days of the filing of the notice of removal and, if not so made, cannot be considered by the district court, see Lively v. Wild Oats Markets, Inc., 456 F. 3d 933, 940 (9th Cir. 2006); Crown raised the issue of removing defendants' non-compliance with § 1441(b) more than 30 days after April 27, 2007, the date on which the notice of removal was filed. Second, even if Crown had timely raised the issue, Crown has not shown the removing defendants violated § 1441(b), because Crown has offered no evidence, or even contended, that it served Cowan before

---

[1] In the caption of the complaint, Crown includes a defendant identified as "Finpro, a Division of Marsh Ltd." The body of the complaint does not include any reference to Finpro, either in the subsection titled "Defendants" or elsewhere. In any event, as noted, Finpro is identified as a "division" of a Marsh Ltd., which is not a citizen of Florida.

[2] In light of this finding, the Court does not consider the removing defendants' argument, made for the first time in their response to the Court's order to show cause, that the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) because the claims are related to a bankruptcy proceeding.

the action was removed.[3] See 28 U.S.C. § 1441(b) (providing action can be removed on ground other than federal question "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought") (emphasis added); Republic Western Ins. Co. v. International Ins. Co., 765 F. Supp. 628, 629 (N.D. 1991) (holding where resident defendant not served at time nonresident defendant removed action, "the language of § 1441(b) mandates the finding that [the] case was properly removed").

Accordingly, the Court's order to show cause is hereby DISCHARGED.

**IT IS SO ORDERED.**

Dated: June 29, 2007

MAXINE M. CHESNEY
United States District Judge

---

[3] Indeed, there is no showing that Crown has, to date, served Cowan.