IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWN PAPER LIQUIDATING TRUST,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>  Defendants<br>_____/ | No. C-07-2308 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART AIG DEFENDANTS' MOTION TO DISMISS; GRANTING MARSH DEFENDANTS' MOTION TO DISMISS; SETTING DEADLINE FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT** |

   Before the Court are two motions, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiff Crown Paper Liquidating Trust's ("Crown") complaint: (1) defendants American International Group, Inc. ("AIG"), National Union Fire Insurance Company of Pittsburgh, PA ("NUF"), and AIG Domestic Claims, Inc.'s ("AIGDC") (collectively, "AIG Defendants") motion, filed May 4, 2007, and (2) defendants Marsh USA, Inc. ("Marsh USA"), Marsh & McLennan Companies, Inc. ("Marsh"), and Richard E. Cowan's ("Cowan") (collectively, "Marsh Defendants") motion, filed August 14, 2007.[1] Crown has filed separate oppositions to each motion; AIG Defendants and Marsh

---

[1] Two other defendants, Finpro and Marsh USA Risk & Insurance Services Inc., have not appeared; according to Marsh Defendants, neither of those defendants is a legal entity. (See Marsh Defs.' Mot. at 1:26-27.) A third defendant, Marsh Ltd., was, upon Crown's request, dismissed by order filed November 19, 2007.

Defendants have separately replied.[2] Having considered the papers filed in support of and in opposition to the motions, the Court finds the matters appropriate for decision without oral argument, see Civil L. R. 7-1(b), and rules as follows.

## BACKGROUND[3]

Marsh Defendants, during the relevant period, advised Crown "on insurance matters," including "whether and when to file claims under [Crown's] policies." (See Compl. ¶ 50.) In 1999, Crown purchased, through Marsh USA, an Employment Benefit Plan Fiduciary Liability policy ("Policy") from NUF. (See Compl. ¶ 30; Morrison Decl. Ex. A.) By letter dated December 24, 1999, Marsh USA advised Crown that Marsh USA was "prepared to file" with NUF "on [Crown's] behalf" reports of "claims made" against Crown; Marsh USA enclosed therein "claim reporting forms." (See Morrison Decl. Ex. A at CP-AIG-0057, CP-AIG-0059.) Through a series of extensions, Crown was covered under the Policy through March 15, 2002. (See Compl. ¶¶ 33-36.)

The Policy covered certain claims made against the trustees and fiduciaries of Crown's pension plans. (See Compl. ¶ 32.) On November 21, 2001, PACE International Union ("PACE") filed an action against "Directors of Crown" for breach of fiduciary duty in connection with certain Crown pension plans. (See Compl. ¶ 68.) By letter dated March 15, 2002, Crown "filed a notice of claim for the PACE litigation" with Marsh USA, (see

---

[2]On July 3, 2007, after briefing was complete as to AIG Defendants' motion to dismiss, Crown filed two documents, each of which AIG Defendants have moved to strike.

The first of these filings is a document titled "Plaintiff's Submission of Final Judgment in PACE Litigation," the purpose of which is to bring to the Court's attention a decision issued after the filing of the reply. As such, the document is properly filed after the completion of briefing. See Civil L. R. 7-3(d). Accordingly, AIG Defendants' motion to strike is DENIED to the extent it pertains to said document.

The second filing is a document titled "Plaintiff's Submission of Supplemental Authority Regarding Defendant AIG's Reply in Support of Motion to Dismiss," attached to which is a decision issued in 1993. Because Crown did not seek permission to file said document, see id., AIG Defendants' motion to strike is GRANTED to the extent it pertains to such filing. The Court notes, however, that consideration of the above-referenced 1993 decision would not affect the outcome of any finding made herein.

[3]The following facts are taken either from the complaint, and are assumed true for purposes of the motion, or from judicially-noticeable documents submitted by Crown, such documents consisting of the insurance policy at issue herein and certain letters quoted and/or paraphrased in the complaint.

2

1  Compl. ¶ 81; Morrison Decl. Ex. C), which letter Marsh USA did not forward to AIG
2  Defendants until May 22, 2002, (see Compl. ¶¶ 105-06).  On October 8, 2002, Marsh USA
3  sent NUF a letter, attached to which was a copy of the complaint filed by PACE; Marsh
4  USA stated to NUF that the October 8, 2002 letter "constitute[d] a first notice of claim"
5  under the policy.  (See Compl. ¶¶ 99-100; Morrison Decl. Ex. G.)

6  On March 26, 2003, AIGDC, on behalf of NUF, denied Crown's claim for "coverage
7  for the PACE Lawsuit," on the ground Crown had reported the claim on October 8, 2002,
8  which date was "outside of the applicable Policy Period and after expiration of the Policy
9  Period."  (See Compl. ¶¶ 93, 115; Morrison Decl. Ex. H.)  On April 29, 2003, Crown
10 requested that AIGDC reconsider its position, on the ground Crown had given "notice" of its
11 claim on March 15, 2002 to Marsh USA.  (See Compl. ¶ 94; Morrison Decl. Ex. I.)  On June
12 4, 2003, AIGDC reaffirmed the denial, stating the March 15, 2002 notice to Marsh USA did
13 not constitute notice to NUF.  (See Compl. ¶ 95; Morrison Decl. Ex. J.)

14 On March 28, 2007, Crown filed the instant action against AIG Defendants and
15 Marsh Defendants.

16 **LEGAL STANDARD**

17 Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory
18 or the absence of sufficient facts alleged under a cognizable legal theory.  See Balistreri v.
19 Pacifica Police Dep't, 901 F. 2d 696, 699 (9th Cir. 1990).  Rule 8(a)(2) of the Federal Rules
20 of Civil Procedure requires only "a short and plain statement of the claim showing that the
21 pleader is entitled to relief."  See Fed. R. Civ. P. 8(a)(2).  Consequently, "a complaint
22 attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."
23 See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).  Nonetheless, "a
24 plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than
25 labels and conclusions, and a formulaic recitation of the elements of a cause of action will
26 not do."  See id. at 1965.  "Factual allegations must be enough to raise a right to relief
27 above the speculative level[.]"  Id.
28 //

3

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, however, may be considered. See Branch v. Tunnell, 14 F. 3d 449, 454 (9th Cir. 1994). In addition, a district court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referenced in the complaint. See Parrino v. FHP, Inc., 146 F. 3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that are subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F. 2d 1279, 1282 (9th Cir. 1986).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F. 2d 896, 898 (9th Cir. 1986). A court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint. See Durning v. First Boston Corp., 815 F. 2d 1265, 1267 (9th Cir. 1987). Conclusory allegations, unsupported by the facts alleged, need not be accepted as true. See Holden v. Hagopian, 978 F. 2d 1115, 1121 (9th Cir. 1992). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Twombly, 127 S. Ct. at 1965 (internal quotation and citation omitted).

**DISCUSSION**

Defendants argue that each of the eleven Counts in Crown's complaint is subject to dismissal. The Court considers each of the eleven Counts in turn.[4]

//

---

[4] To the extent the Court has dismissed any claim for a reason stated by a defendant, and, in doing so, has not addressed an additional argument or arguments advanced by that defendant, the Court has found it unnecessary to consider such additional arguments.

4

**A. Count I: Breach of Contract (AIG Defendants)**

In Count I, Crown alleges AIG Defendants breached the provisions of the Policy by denying Crown's claim for coverage with respect to the complaint filed by PACE. Crown alleges the denial was wrongful under several theories, specifically, (1) "the Policy contains no provision requiring notice within the Policy [p]eriod," (see Compl. ¶ 116), (2) Crown, by giving notice of the claim to Marsh Defendants within the Policy period, gave timely notice to AIG Defendants because Marsh Defendants are "agent[s]" of AIG Defendants, (see Compl. ¶¶ 92, 103), (3) AIG Defendants are "estopped" from relying on any Policy provision requiring notice within the Policy period because AIG Defendants did not provide Crown with notice of such provision, (see Compl. ¶¶ 70, 74), and (4) AIG Defendants "waived" any Policy provision requiring notice within the Policy period, in light of AIG Defendant's having agreed to "defend" Crown in an unrelated action for which Crown provided notice to AIG Defendants on May 22, 2002, a date after the Policy had expired, (see Compl. ¶¶ 105, 110, 112).

AIG Defendants argue that Count I is barred by the statute of limitations, or, alternatively, is properly brought against NUF only.

**1. Statute of Limitations**

An action for wrongful denial of insurance coverage accrues upon the insurer's "unconditional denial of liability to the insured." See Neff v. New York Life Ins. Co., 30 Cal. 2d 165, 170 (1947).[5] AIG Defendants argue each of the claims against it accrued on March 26, 2003, the date of the initial denial letter; Crown asserts each of its claims against AIG Defendants accrued on June 4, 2003, the date of the second denial letter. Given that the March 26, 2003 letter set forth the reasons why NUF was denying coverage with respect to the complaint filed by PACE, with references to the sections of the Policy on which the denial assertedly was based, (see Compl. ¶ 93; Morrison Decl. Ex. H), the Court

---

[5]In support of their respective positions, AIG Defendants, Marsh Defendants, and Crown rely exclusively on California law. Accordingly, the Court assumes California law governs the claims made by Crown herein.

5

1  finds said letter constitutes NUF's unconditional denial of coverage.  The June 4, 2003
2  letter, in which AIGDC, acting on behalf of NUF and responding to Crown's April 29, 2003
3  request for reconsideration of the denial, "affirm[ed]" NUF's prior denial of coverage, (see
4  Morrison Decl. Ex. J), had no effect on the limitations period.  See Doheny Park Terrace
5  Homeowners Ass'n, Inc. v. Truck Ins. Exchange, 132 Cal. App. 4th 1076, 1088 (2005)
6  (holding insured's request for reconsideration of denial does not extend limitations period).
7       The limitations period applicable to a claim for breach of a written contract is four
8  years.  See Cal. Code Civ. Proc. § 337.  Because the instant complaint was filed on March
9  28, 2007, more than four years after March 26, 2003, Count I is, in the absence of an
10 exception to the statute of limitations, barred by the statute of limitations.  As Crown points
11 out, however, an exception exists.  In particular, the limitations period applicable to a claim
12 that an insurer has wrongfully denied coverage is equitably tolled until the "underlying
13 action is terminated by final judgment."  See Lambert v. Commonwealth Land Title Ins. Co.,
14 53 Cal. 3d 1072, 1079 (1991).  Crown has alleged the action brought by PACE was not
15 final at the time Crown filed the instant complaint.  (See Compl. ¶ 125.)  Moreover, it
16 appears the PACE action remained unresolved as recently as August 2, 2007.  See Beck v.
17 PACE Int'l Union, 495 F. 3d 1114, 1115 (9th Cir. 2007) (remanding, on August 2, 2007,
18 PACE's complaint to district court, with directions to remand matter to bankruptcy court "for
19 further proceedings").
20      Accordingly, AIG Defendants have not shown Count I is time-barred.
21      **2. Proper Defendant**
22      As noted, Crown's insurer was NUF.  Crown, relying on its allegation that AIG acted
23 as a "manager" for NUF by providing "policy and claims administration services" to NUF,
24 "through AIG's subsidiary AIGDC," (see Compl. ¶ 8), argues AIG and AIGDC can be held
25 liable under an agency theory.  As Crown points out, under California law, the acts of an
26 agent are imputed to the principal.  See Cal. Civ. Code § 2330.  Under such statute, NUF
27 would be liable for any acts of its agents.  Crown cites no authority, however, providing that
28 agents of an insurer are personally liable for the principal's breach of contract, where, as

6

here, the identity of the principal is fully disclosed on the face of the policy. (See Morrison Decl. Ex. A at CF-AIG-0060-0061.); cf. Luce v. Sutton, 115 Cal. App. 2d 428, 434 (1953) (holding "where one deals with another believing him to be a principal, and subsequently learns that he was dealing with an agent of an undisclosed principal, he may recover either from the person with whom he dealt or from the undisclosed principal").

Accordingly, Count I is subject to dismissal as against AIG and AIGDC.

**B. Count II: Breach of Covenant of Good Faith and Fair Dealing (AIG Defendants)**

In Count II, Crown alleges AIG Defendants breached implied covenants in the Policy when they (1) "fail[ed] to issue a single-paragraph endorsement, and a copy of the Policy including said endorsement for at least seven months after [Crown] had paid the premium for said endorsement," (2) "fail[ed] to issue a coverage opinion for at least one year after [NUF] received notice of the [c]laim," and (3) "decline[d] coverage when [NUF] was not excused from performance." (See Compl. ¶¶ 138-40.) As with Count II, AIG Defendants argue Count II is barred by the statute of limitations, or, alternatively, is properly brought against NUF only.

**1. Statute of Limitations**

**a. Failing to Provide Coverage**

For the reasons stated above with respect to Count I, Count II is not barred by the statute of limitations to the extent it is based on NUF's having wrongfully denied coverage.[6]

**b. Delay in Issuing Endorsement and Policy**

Count II is also based on a claim that, although Crown paid the premium for its last endorsement in August 2001, NUF did not issue the endorsement and Policy "for at least seven months" thereafter. (See Compl. ¶ 138.) Crown's theory appears to be that Crown was not, on March 15, 2002, aware of certain Policy provisions that may have addressed when and how to submit a claim to NUF, and, consequently, that if the notice Crown gave to Marsh on March 15, 2002 was insufficient to constitute notice to NUF, such deficiency

---

[6] AIG Defendants have not sought dismissal of this claim on the ground the claim is duplicative of Count I. Accordingly, the Court does not consider the issue.

7

1 was caused by NUF's failure to deliver the endorsement and Policy to Crown prior to March
2 15, 2002.  Under such theory, the damages were incurred on March 26, 2003, the date
3 NUF unconditionally denied coverage.  See Neff, 30 Cal. 2d at 170.  Accordingly, in the
4 absence of an exception to the statute of limitations, such claim is time-barred.

5       In that respect, Crown first argues the four-year statutory period is subject to
6 equitable tolling under the principles set forth in Lambert.  Under Lambert, an insurer has a
7 "continuing duty" to defend an assertedly covered claim, and such duty continues until the
8 underlying action has been resolved.  See Lambert, 53 Cal. 3d at 1078-79.  Under such
9 circumstances, "it is equitable . . . to toll the limitations period in which this duty continues
10 from the date of accrual of a cause of action to final judgment."  See id. at 1079.  The
11 instant claim, however, is not based on a duty to defend but rather on a failure to deliver
12 documents, and, in any event, Crown fails to allege that NUF had not delivered those
13 documents as of March 26, 2003.  Consequently, Crown's reliance on Lambert is
14 unavailing.

15       Crown next argues NUF is estopped from relying on the statute of limitations
16 because NUF's agent AIGDC made a "misrepresentation of fact" in the March 26, 2003
17 denial, specifically, that NUF received notice of Crown's claim for coverage "on or around
18 October 8, 2002."  (See Compl. ¶¶ 98, 102.)  According to Crown, the true facts are that
19 NUF received notice of Crown's claim on March 15, 2002 or, at the latest, on May 22,
20 2002.  (See Compl. ¶¶ 103-107.)  Under California law, an insurer is estopped from relying
21 on the statute of limitations if the insured establishes it did not file suit within the limitations
22 period because the insured had reasonably relied on a misrepresentation of fact by the
23 insurer.  See Vu v. Prudential Property & Casualty Ins. Co., 26 Cal. 4th 1142, 1147, 1152-
24 54 (2001) (holding where insurer allegedly falsely represented damage caused by
25 occurrence was below policy's deductible, and plaintiff learned after expiration of statute of
26 limitations that damages exceeded deductible, insurer would be estopped from relying on
27 statute of limitations if plaintiff established its reliance on insurer's representation was
28 reasonable).  Here, however, Crown fails to allege the date on which Crown learned the

allegedly true facts, let alone that, within the four-year limitations period, it failed to file the instant claim – namely, that NUF breached an implied duty by not issuing the endorsement and Policy until "at least seven months" after Crown paid the premium – due to its having reasonably relied on a false statement made either in the March 26, 2003 denial letter or at any other time. Significantly, it would appear from the pleadings that the alleged misrepresentation post-dates the time by which plaintiff assertedly was required to provide notice to NUF.

Finally, Crown argues NUF is estopped from relying on the statute of limitations in light of the principles set forth in Elliano v. Assurance Co. of America, 3 Cal. App. 3d 446 (1970). In Elliano, the California Court of Appeal held that an insurer is estopped from asserting a contractual limitations defense if the insurer does not provide the insured with a copy of the portion of the policy containing the contractual limitations period. See id. at 450. The holding in Elliano is inapplicable herein, however, because NUF is relying on a statutory limitations defense, not a contractual limitations defense; further, Crown does not allege that NUF withheld any information from Crown pertaining to the statute of limitations.[7]

Accordingly, Count II is subject to dismissal to the extent it is based on a claim NUF breached the implied covenant of good faith and fair dealing by not issuing the endorsement and Policy until at least seven months after Crown paid the premium.

### c. Delay in Addressing Request for Coverage

Count II is further based on a claim that NUF delayed issuance of a coverage decision until March 26, 2003. Assuming any asserted delay in issuing a coverage decision constitutes a breach of an implied provision in the Policy, any claim based on such alleged breach accrued, at the latest, on March 26, 2003, when the decision was

---

[7]Crown does argue that NUF should be estopped, in light of the principles set forth in Elliiano, from relying on any Policy provision that requires Crown to provide notice of a claim within the policy period, in light of NUF's alleged failure to issue the endorsement and Policy until "at least" seven months after Crown had paid the premium. Such estoppel argument pertains to the merits of Crown's claim for breach of contract against NUF, however, not to the issue of when the instant claim accrued.

9

rendered. Accordingly, the claim is barred by the applicable four-year statute of limitations, in the absence of an exception to the statute of limitations.

In that respect, Crown first argues it is entitled to equitable tolling under the principles set forth in Lambert. As noted, Lambert concerns causes of action based on the alleged breach of a continuing duty to defend under a contract of insurance. See Lambert, 53 Cal. 3d at 1078-79. In Count II, however, Crown's claim concerns NUF's duty to issue a coverage decision, not a duty to defend. Moreover, NUF performed any alleged "continuing duty" it had to issue a decision on Crown's request for coverage on March 26, 2003, the date NUF denied coverage. Consequently, no basis for tolling under Lambert exists.

Crown next argues that NUF is estopped from relying on the statute of limitations, based on the principles set forth in Vu and in Elliano. For the reasons stated above, Crown has not alleged sufficient facts to establish a basis for such an estoppel.

Accordingly, Count II is subject to dismissal to the extent it is based on a claim NUF breached the implied covenant of good faith and fair dealing by not issuing a decision on Crown's claim until March 26, 2003.

**2. Proper Defendant**

For the reasons stated above with respect to Count I, AIG and AIGDC are not proper defendants to Count II.

Accordingly, Count II is subject to dismissal as against AIG and AIGDC.

**C. Count III: Fraud (AIG Defendants)**

In Count III, Crown alleges AIG Defendants made false statements, specifically, "misrepresenting the day AIG [Defendants] had received notice" of Crown's claim, and "misrepresenting that notice of a claim was required during the policy period"; further, Crown alleges, AIG Defendants "fail[ed] to provide information regarding the Policy and relevant endorsements in order to hinder [Crown's] filing the Claim and enforcing its rights under the Policy." (See Compl. ¶¶ 144-47.)

A claim for fraud is subject to a three-year statute of limitations. See Cal. Code Civ.

10

Proc. § 338(d). Even assuming Crown were correct that such cause of action accrued on June 4, 2003, the date of the second denial letter, (see Pl.'s Opp., filed May 31, 2007, at 16:15-18), the claim is barred by the applicable three-year statute of limitations, in the absence of an exception to the statute of limitations.

Crown again argues the three-year statutory period is subject to equitable tolling under the principles set forth in Lambert. As noted, Lambert concerns a cause of action where the plaintiff alleges the breach of a "continuing duty" under a contract. Crown cites no authority, and the Court has found none, extending the principles set forth in Lambert to tort claims. Consequently, Crown has failed to allege a cognizable basis for equitable tolling.

Crown next argues AIG Defendants should be estopped, based on the principles set forth in Vu and Elliano, from relying on the statute of limitations. For the reasons discussed above with respect to Count II, Crown has failed to allege sufficient facts to support a finding of estoppel.

Moreover, to the extent Count III is alleged against AIG, Crown, as AIG Defendants point out, has failed to comply with Rule 9(b) of the Federal Rules of Civil Procedure. Crown fails to identify any statement or omission by AIG, let alone a false statement or omission by AIG pleaded with the specificity required by Rule 9(b).

Accordingly, Count III is subject to dismissal.

**D. Count IV: Negligence (AIG Defendants)**

In Count IV, Crown alleges AIG Defendants were negligent when they "fail[ed] to issue a one-page endorsement and updated Policy for which Plaintiff had paid." (See Compl. ¶ 156.)

A negligence claim is subject to a two-year statute of limitations. See Cal. Code Civ. Proc. § 339(1). Even assuming Crown were correct that such cause of action accrued on June 4, 2003, the date of the second denial letter, the claim is barred by the applicable two-year statute of limitations, in the absence of an exception. In that respect, Crown asserts it is entitled to equitable tolling based on Lambert, and that AIG Defendants are

1  estopped, based on the principles set forth in Vu and Elliano, from relying on the statute of
2  limitations. For the reasons discussed above with respect to Counts II and III, the Court
3  finds Crown is not entitled to equitable tolling under Lambert, and has failed to allege
4  sufficient facts to support a finding that AIG Defendants are estopped from relying on the
5  statute of limitations.
6  Accordingly, Count IV is subject to dismissal.

**E.  Count V:  Breach of Contract (Marsh Defendants)**

In Count V, Crown alleges Marsh Defendants breached their contract with Crown by "failing to secure a necessary endorsement and a copy of the updated Policy" from NUF, and by "failing to file Crown's notice of claim with [NUF] when [Crown] submitted its notice of claim to Marsh [USA] on March 15, 2002." (See Compl. ¶ 159-61.) Crown further alleges that although Marsh Defendants "agreed" to "provide information about coverages that Crown had purchased," Marsh Defendants declined, on August 26, 2003, to provide the "Liquidating Trust," which is Crown's successor-in-interest, with copies of "policy information." (See Compl. ¶¶ 118-123, 158-59.)[8]

**1.  Statute of Limitations**

Marsh Defendants argue Count V accrued on March 26, 2003, which, as discussed above, is the date NUF unconditionally denied coverage, and that such claim is, accordingly, barred by the four-year statute of limitations applicable to written contracts.[9]

Turning first to the last of the above-referenced three claims contained in Count V,

---

[8] According to the complaint, Marsh Defendants would not provide the Liquidating Trust with "requested information" pertaining to the "insureds," an apparent reference to Crown. (See Compl. ¶ 122.) Although not clearly expressed, Crown appears to allege that Marsh Defendants had taken the position that Crown existed independently of the Liquidating Trust, and, accordingly, refused to provide the Liquidating Trust with "information" about Crown absent Crown's permission to make such disclosure. (See id.)

[9] As Marsh Defendants observe, Crown fails to allege whether its contract with Marsh Defendants was written or oral. Marsh Defendants do not seek dismissal of Count V on the ground Crown has failed to provide fair notice of the basis for the claim, however. See Fed. R. Civ. P. 8(a). Accordingly, the Court does not further consider the issue, and assumes for purposes of Marsh Defendants' motion to dismiss that any contract between Crown and Marsh Defendants was written.

12

the Court finds Marsh Defendants' argument unpersuasive.  As noted, Crown claims therein that Marsh Defendants breached an agreement by failing to provide the Liquidating Trust with copies of "policy information" on August 26, 2003; the complaint was filed within four years of August 26, 2003, and thus is not time-barred.

To the extent Count V is based on Marsh's alleged failures to obtain the endorsement and updated Policy from NUF and to submit notice of Crown's claim to NUF on March 15, 2002, however, Marsh Defendants' statute of limitations argument is well-taken.  In response to Marsh Defendants' argument, Crown argues it was not until it received the June 4, 2003 letter from NUF's agent AIGDC that it discovered NUF's denial was based on Marsh Defendants' failure to give notice of Crown's claim to NUF on March 15, 2002, and, consequently, that the claim against Marsh Defendants accrued on June 4, 2003.  The March 26, 2003 denial letter, on its face, states that NUF did not receive notice of Crown's claim until October 8, 2002, (see Morrison Decl. Ex. H), which necessarily implies that NUF was denying it had received notice of Crown's claim on March 15, 2002, or on any other date prior to October 8, 2002.  The Court finds Crown's breach of contract claim, to the extent it is based on a failure to obtain the endorsement and updated Policy and a failure to notify NUF of Crown's claim on March 15, 2002, accrued on March 26, 2003, and accordingly, Count V is, to such extent, time-barred, in the absence of an exception to the statute of limitations.

In that respect, Crown first argues Marsh Defendants are estopped from relying on a statute of limitations defense, on the ground Marsh Defendants "aided and abetted" AIG Defendants' concealment of "material facts" from Crown.  (See Pl.'s Opp., filed August 31, 2007, at 20:9-14.)  As discussed above, however, Crown has failed to allege sufficient facts to warrant a finding that AIG Defendants are estopped from relying on the statute of limitations, given Crown does not allege that it failed to file its claims against AIG Defendants within the statute of limitations because of Crown's having reasonably relied on a misrepresentation by AIG Defendants, cf. Vu, 26 Cal. 4th at 1153-54, or that AIG Defendants concealed any information pertaining to the statute of limitations, cf. Elliano, 3

Cal. App. 3d at 450.  Further, Crown does not allege it failed to timely file its claims by reason of its having reasonably relied on a misrepresentation by Marsh Defendants or that Marsh Defendants concealed any information pertaining to the statute of limitations. Consequently, Crown has failed to allege sufficient facts to support a finding of estoppel as against Marsh Defendants under an aiding-and-abetting theory.

Next, in reliance on Garamendi v. SDI Vendome S.A., 276 F. Supp. 2d 1030 (C.D. Cal. 2003), Crown argues it is entitled to equitable tolling of the statute of limitations, under a theory that Crown "did not learn until early 2006 that Marsh had been untruthful." (See Pl.'s Opp., filed August 31, 2007, at 21:10-11.)  Where a defendant fraudulently conceals facts, thereby precluding a plaintiff from discovering it has a claim against that defendant, the statute of limitations as to such claim is equitably tolled until "such time as [the] plaintiff, by the exercise of reasonable diligence, should have discovered it."  See Garamendi, 276 F. Supp. 2d at 1041-42 (internal quotation and citation omitted).  Crown, however, fails to allege any facts in its complaint pertaining to its asserted discovery of facts in 2006.[10]

Accordingly, Count V is subject to dismissal to the extent it is based on claims that Marsh Defendants failed to obtain the endorsement and updated Policy and failed to give notice of Crown's claim to NUF on March 15, 2002.

**2. Merits of Claim Marsh Defendants "Withheld Policy Information"**

Crown alleges that, as a result of Marsh Defendants' alleged failure to provide the Liquidating Trust with copies of "policy information" on August 26, 2003, Crown was "hindered and frustrated" in its "efforts to pursue and enforce its rights against AIG [Defendants]."  (See Compl. ¶ 123.)  Marsh Defendants argue such allegation is insufficient to support a finding that any withholding of such "information" caused Crown to be damaged, given that NUF had denied Crown's claim for coverage five months earlier, on

---

[10] Further, Crown's opposition fails to indicate, even in a cursory manner, what information it learned in 2006, and how such information could show that Marsh Defendants were able to conceal, until 2006, the basis for a claim that Marsh Defendants failed to obtain the endorsement and Policy and failed to give NUF notice of Crown's claim on March 15, 2002.

14

March 23, 2003. In its opposition, Crown does not respond to Marsh Defendants' argument, and, consequently, has offered no explanation for how, in light of the March 26, 2003 denial of coverage by NUF, Crown was damaged by a failure to obtain from Marsh Defendants "policy information" on August 26, 2003.[11]

Accordingly, Count V is subject to dismissal to the extent it is based on a claim that Marsh Defendants withheld information on August 26, 2003.

### 3. Proper Defendant

Finally, Marsh Defendants argue Count V should be dismissed in its entirety as against Cowan, because Crown does not allege that Cowan, an employee of Marsh USA, was a party to any contract. The Court agrees.

Accordingly, Count V is subject to dismissal in its entirety as against Cowan on this additional ground.

## F. Count VI: Breach of Fiduciary Duty (Marsh Defendants)

In Count VI, Crown alleges Marsh Defendants "assumed" various "fiduciary duties with respect to [Crown]," and that Marsh Defendants, by engaging in the conduct alleged with respect to Count V, breached their fiduciary duties to Crown. (See Compl. ¶¶ 164-67.)

For the reasons discussed above with respect to Count V, the Court finds (1) Count V accrued on March 26, 2003, to the extent it is based on a claim that Marsh Defendants failed to obtain the endorsement and updated Policy and failed to give notice of Crown's claim to NUF on March 15, 2002, (2) Crown has failed to failed to allege any exception to the applicable statute of limitations,[12] and (3) Crown has failed to adequately allege it was

---

[11] Crown also fails to allege what "policy information" was allegedly "withheld" by Marsh Defendants on August 23, 2003. The complaint distinguishes between the "Policy" and "policy information." (See Compl. ¶ 117 (alleging Crown "was denied access to a copy of the Policy and other information") (emphasis added).)

[12] Because Marsh Defendants assert that the instant claim for breach of fiduciary duty is subject to a four-year statute of limitations, the Court assumes for purposes of Marsh Defendants' motion that a four-year period applies. Cf. Hydro-Mill Co. v. Hayward, Tilton and Rolapp Ins. Associates, Inc., 115 Cal. App. 4th 1145, 1159 (2004) (holding claim for breach of fiduciary duty against insurance broker, based on broker's having failed to obtain requested insurance, was subject to two-year statute of limitations applicable to negligence claims, because "regardless of appellation, [the claim] amount[ed] to a claim of

15

damaged by any withholding of information that occurred on August 26, 2003.

Accordingly, Count VI is subject to dismissal.

### G. Count VII: Aiding and Abetting Breach of Fiduciary Duty (AIG Defendants)

In Count VII, Crown alleges AIG Defendants aided and abetted Marsh Defendants in Marsh Defendants' alleged breaches of fiduciary duty.

As discussed above with respect to Count VI, Crown has failed to state a timely claim against Marsh Defendants for breach of fiduciary duty based on Marsh Defendants' alleged failures to obtain the endorsement and updated Policy and to give notice of Crown's claim to NUF on March 15, 2002. Consequently, Crown likewise has failed to state a timely claim that AIG Defendants aided and abetted such breaches.

Further, as discussed above with respect to Count VI, Crown has failed to adequately allege it was damaged by Marsh Defendants' alleged withholding of information on August 26, 2003. Consequently, Crown likewise has failed to state a claim under the theory that AIG Defendants aided and abetted such withholding. Moreover, Crown fails to allege that AIG Defendants had any knowledge of the alleged August 26, 2003 withholding of information or that AIG Defendants took any action to substantially assist such alleged withholding. See Casey v. U.S. Bank National Ass'n, 127 Cal. App. 4th 1138, 1145-46 (2005) (holding "liability for aiding and abetting depends on proof the defendant had actual knowledge of the specific primary wrong the defendant substantially assisted").

Accordingly, Count VII is subject to dismissal.

### H. Count VIII: Negligence (Marsh Defendants)

In Count VIII, Crown alleges Marsh Defendants were negligent when they "fail[ed] to obtain copies of the Policy and pertinent endorsements" and "fail[ed] to submit [Crown's] notice of claim to [NUF] in a timely manner." (See Comp. ¶ 176.)

For the reasons discussed above with respect to Count VI, the Court finds Count VIII accrued on March 26, 2003, and that Crown has failed to allege an exception to the

---

professional negligence").

applicable statute of limitations. See Cal. Civ. Code § 339(1) (providing two-year statute of limitations for claim of negligence).

Accordingly, Count VIII is subject to dismissal.

**I. Count IX: Aiding and Abetting Fraud (Marsh Defendants)**

In Count IX, Crown alleges Marsh Defendants aided and abetting the fraud alleged to have been committed by AIG Defendants. As discussed above with respect to Count III, Crown has failed to state a timely claim against AIG Defendants for fraud. Consequently, Crown likewise has failed to state a timely claim that Marsh Defendants aided and abetted the alleged fraud by AIG Defendants.

Accordingly, Count IX is subject to dismissal.

**J. Count X: Negligent Misrepresentation (All Defendants)**

In Count X, Crown alleges all defendants made "misrepresentations" to Crown without the "exercise of reasonable care or competence." (See Compl. ¶¶ 183, 186.) Although Crown fails to explicitly identify the misrepresentations on which Count X is based, the Court construes the complaint as alleging the subject representations are, with respect to AIG Defendants, the same representations that support Count III, and, with respect to Marsh Defendants, the same representation that supports Count XI.

For the reasons stated above with respect to Count III and stated below with respect to Count XI, Count X is time-barred, even using the longest of the potentially applicable statutes of limitation, the three-year statute applicable to claims of fraud,[13] and Crown has failed to allege any exception thereto. Moreover, as Marsh Defendants point out, Crown, for the reasons stated below with respect to Count XI, has failed to allege the essential element of reliance and has failed to allege any basis for liability as against Cowan.

Accordingly, Count X is subject to dismissal.

//

---

[13] AIG Defendants argue that Count X is subject to the two-year statute of limitations applicable to claims of negligence. Because Count X is barred even if subject to a three-year statute of limitations, the Court assumes, without deciding, that a three-year statute applies.

17

**K. Count XI: Fraud (Marsh Defendants)**

In Count XI, Crown alleges a claim of fraud against Marsh Defendants, based on a statement made in Marsh USA's letter to NUF, dated October 8, 2002, specifically, the statement therein that "submission of this letter shall constitute a first notice of claim under the [ ] [P]olicy." (See Compl. ¶ 191; Morrison Decl. Ex. G.)  Crown alleges such statement was false because AIGDC, NUF's agent, received notice from Marsh of Crown's claim on March 15, 2002 or, at the latest, May 22, 2002.  (See Compl. ¶¶ 101, 103, 106-07.)

Marsh Defendants argue Count XI is subject to dismissal in light of the statute of limitations, as well as Crown's failure to allege the requisite element of reliance, and, as to Cowan, Crown's failure to allege any facts to support a claim against Cowan.

    **1. Statute of Limitations**

A three-year statute of limitations applies to claims of fraud.  See Cal. Code Civ. Proc. § 338(d).  Here, the allegedly false statement was made on October 8, 2002.  The alleged damage caused thereby was NUF's subsequent denial of Crown's claim for coverage, which denial assertedly was predicated on NUF's finding that Crown had not given timely notice of the claim.  As discussed above, NUF unconditionally denied Crown's claim for coverage on March 26, 2003; however, even if the statutory period runs from the date of the June 4, 2003 letter affirming the initial denial, Count XI is untimely, because the instant complaint was filed more than three years after June 4, 2003.

Crown argues that it nonetheless is entitled to rely on the "discovery rule" exception to the standard rule of accrual.  Under California law, the discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action."  See Garamendi, 276 F. Supp. 2d at 1038 (internal quotation and citation omitted).[14]  "To invoke the discovery rule, [a] plaintiff must plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite

---

[14] In its oppositions to defendants' respective motions, Crown asserts the "discovery rule" only as to Counts X and XI; Crown does not rely on the "discovery rule" with respect to Counts III and IX.

reasonable diligence." Hopkins v. Dow Corning Corp., 33 F. 3d 1116, 1120 (9th Cir. 1994) (internal quotation and citation omitted) (relying on California law). In its opposition, Crown states it "did not learn the facts until early 2006," when it received "documents" from AIG. (See Pl.'s Opp., filed August 31, 2007, at 22:11-12, 23:11-12.) Such statement is not included in the complaint, and, in any event, is insufficient to demonstrate Crown's entitlement to delayed accrual based on the "discovery rule" exception, because Crown has not stated, even in a cursory manner, the nature of the "facts" it assertedly learned in 2006, and has not stated why, in the exercise of reasonable diligence, it could not have discovered those facts earlier.

Crown alternatively argues it is entitled to two exceptions to the statute of limitations, that Marsh Defendants are estopped from relying on the statute of limitations and/or that Crown is entitled to equitable tolling. For the reasons stated above with respect to Count VI, the Court finds Crown has failed to sufficiently allege facts to support a finding that either exception is applicable.

Accordingly, Count XI is subject to dismissal as time-barred.

**2. Reliance**

Reliance is an essential element of a claim for fraud. See Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1239 (1995). "Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations . . . ." Id.

Here, the statement on which Count XI is based was made by Marsh USA to NUF, not to Crown. As Marsh Defendants point out, Crown fails to allege that it relied on such statement to its detriment, i.e., that having heard the statement, Crown did or did not take some action as a result.

Accordingly, Count XI is subject to dismissal on this additional ground.

**3. Liability of Cowan**

The statement on which Count XI is based was made by Marsh USA employee Erica Sweetman. (See Morrison Decl. Ex. G.) The complaint fails to include any facts to

support a finding that Cowan may be held liable for any false statement made by Erica Sweetman on behalf of Marsh USA.

Accordingly, Count XI, as against Cowan, is subject to dismissal on this additional ground.

**CONCLUSION**

For the reasons stated above:

1. AIG Defendants' motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

    a. Count I is DISMISSED to the extent it is alleged against AIG and AIGDC.

    b. Count II is DISMISSED to the extent it is alleged against AIG and AIGDC and, as to NUF, to the extent it is based on claims that NUF failed to issue the endorsement and Policy and that NUF delaying issuing a coverage decision until March 26, 2003.

    c. Counts III, IV, VII and X are DISMISSED.

    d. In all other respects, the motion is DENIED; specifically, the motion is DENIED as to Count I to the extent it is alleged against NUF and as to Count II to the extent it alleges a claim against NUF based on an alleged wrongful denial of coverage.

2. Marsh Defendants' motion to dismiss is hereby GRANTED.

3. If Crown wishes to file a First Amended Complaint, any such pleading shall be filed no later than December 17, 2007.

**IT IS SO ORDERED.**

Dated: November 27, 2007

MAXINE M. CHESNEY
United States District Judge