IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWN PAPER LIQUIDATING TRUST,<br><br>    Plaintiff,<br>  v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>    Defendants / | No. C-07-2308 MMC<br><br>**ORDER VACATING APRIL 11, 2008 HEARING ON AIG DEFENDANTS' MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** |

    Before the Court is the "Motion to Dismiss, and, in the Alternative, Motion for Summary Judgment," filed January 28, 2008 by defendants American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, PA, and AIG Domestic Claims, Inc.'s (collectively, "AIG Defendants").  On February 15, 2008, the parties stipulated to an extension of the briefing schedule, but did not provide for a concomitant adjustment of the hearing date; consequently, the Court, on February 19, 2008, continued the hearing from March 28, 2008, the date for which the motion initially was noticed, to April 11, 2008. Thereafter, plaintiff Crown Paper Liquidating Trust ("Crown") filed, on March 7, 2008, a motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure and, on March 10, 2008, an Opposition.  On March 21, 2008, AIG Defendants filed an opposition to plaintiff's Rule 56(f) motion and, on March 24, 2008, filed a reply in support of AIG Defendants' motion.  On March 28, 2008, Crown filed a reply to AIG Defendants' opposition to Crown's

Rule 56(f) motion.

On April 4, 2008, AIG Defendants filed a request for an order allowing their counsel to appear telephonically at the April 11, 2008 hearing, based on an unspecified "unavoidable conflict." (See Defs.' Req. at 2:7.) Thereafter, on that same date, Crown filed a request seeking similar consideration for its counsel.

In light of counsel for AIG Defendants' stated inability to attend the scheduled hearing, the Court hereby VACATES the April 11, 2008 hearing on the above-referenced motion. Further, having read and considered the above-referenced submissions, the Court finds the matter suitable for decision thereon and, accordingly, the motion is deemed submitted.

If, upon further consideration of the motion, the Court determines that oral argument would be of assistance, the Court will reset the matter for hearing.

**IT IS SO ORDERED.**

Dated: April 9, 2008

                                            MAXINE M. CHESNEY
                                            United States District Judge